IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANNY RICKY HEADLEY,            ) | |
|     Plaintiff,                              ) | |
|                                                ) | |
| v.                                              ) | Case No: 2:06cv1083-MEF |
|                                                ) | |
| CHILTON COUNTY (CHILTON       ) | |
| COUNTY SHERIFF'S DEPARTMENT), ) | |
| CHRIS MATURI (INDIVIDUALLY   ) | |
| AND IN HIS OFFICIAL CAPACITY), ) | |
| NEELY STRENGTH(INDIVIDUALLY ) | |
| AND IN HIS OFFICIAL CAPACITY)  ) | |
|     Defendants.                         ) | |

FILED
DEC - 6 2006
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

## COMPLAINT

**COMES NOW**, the Plaintiff, Danny Ricky Headley, by and through his attorney, and for a complaint against the Defendants, states and alleges as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, 1367, 2201 and 2202, as well as 42 U.S.C. Section 1983.

2. Venue herein is proper in the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. Section 1391 (b).

### PARTIES

2. The Plaintiff Danny Ricky Headley (hereinafter "Ricky Headley") is a male born on September 25, 1977, and is a citizen of the United States and a resident of Autauga County, State of Alabama.

3. The Defendant Chilton County Sheriff's Department is entity of the State of Alabama and is being sued by the plaintiffs in this cause of action due to the actions of its agents, servants and/ or employees.

4. The Defendant Chris Maturi is being sued by plaintiff in his official as well as individually and is subject to suit under 42 U.S.C. 1983.

5. The Defendant Neeley Strength, is the Sheriff of Chilton County, Alabama and is being sued by the plaintiff in his official as well as individually capacity and is subject to suit under 42 U.S.C. 1983.

## FACTUAL ALLEGATIONS

6. Ricky Headley was arrested on or about February 9, 1997 and charged with Rape II.

7. The allegations were that Ricky Headley had consensual sex with a thirteen (13) year old female while he was eighteen (18).

8. On February 28, 1997, Ricky Headley, through his counsel, Mike Carroll, submitted his application for Youthful Offender status.

9. On March 27, 1997 Ricky Headley's application for Youthful Offender status was granted. On the same day, the Chilton County Circuit Court accepted Ricky Headley's plea of guilty under the Youthful Offender Act.

10. An order of probation was filed on April 7, 1997. Ricky Headley was placed on probation for a period of eighteen (18) months.

11. Maturi was assigned as Ricky Headley's probation officer.

12. Thoughout his probation, Ricky Headley reported for monthly visits, drug screenings and home visits. At no point during his probation was Ricky Headley found to be in violation.

13. In September, 1998 Ricky Headley received a felony registration card and registration information form through the mail. He completed the requested information and returned the packet to Maturi.

14. The same month, September, 1998, Maturi informed Ricky Headley that he would have to provide a DNA sample, fingerprints and a photograph. He complied with Maturi's instructions and proceeded to the Chilton County Sheriffs Department.

15. Upon arriving at the Chilton County Sherriff's Department, Ricky Headley was photographed by Strength and placed into the data base.

16. Strength issued Ricky Headley a felony card, which was signed by Strength, and instructed Ricky Headley to keep the card in his possession at all times.

17. Shortly after this, Ricky Headley noted that his photograph had been placed on the bulletin board at the Chilton County Courthouse.

18. Towards the end of September, 1998 Ricky Headley was forced to move from his residence and relocate his family to his parent's home. He felt that this was the only was to protect his wife and child from the harassment.

19. On December 17, 1998, Ricky Headley's probation was terminated by the Chilton County District Court after it was found that he had complied with each and every requirement of his probation.

20. In April 1999, Misty and Ricky Headley made the decision to divorce due to the ongoing harassment and shame associated with Ricky Headley's case. The divorce was finalized in September, 1999.

21. In September, 1999 Ricky Headley received another information sheet in the mail. Ricky Headley completed the information and he and his father took the form to the Chilton County Sheriff's Office.

22. Ricky Headley attempted to file the form with Betty Porter, an employee of the Chilton County Sheriff's Office. Betty Porter informed him that since he was granted youthful offender status that he did not have to register.

23. Ricky Headley requested a written statement stating that the Chilton County Sheriff's Office had advised him not to register, but Betty Porter would not provide him with this information.

24. The following day, Ricky Headley's mother returned to the Chilton County Sheriff's Office in a second attempt to file the sex offender information sheet. Betty Porter advised Ricky Headley's mother to discard any future registration sheets that were received due to the fact that Ricky Headley was not required to register.

25. In September 2000, Ricky Headley received another registration form. He filled it out and returned it to the Chilton County Sheriff's Department where it was accepted.

26. Ricky Headley received no further registrations forms from the time period of 2001 until 2006.

27. In 2003, Ricky Headley's minor son was attending a field trip to the Chilton County Courthouse. The child pointed out this picture to his teacher who in turn called Misty Headley.

28. This incident, once again, caused a great deal of embarrassment to those involved. Ricky Headley and Misty Headley felt that the only way to protect their child was for Ricky Headley to sign over his parental rights, which he did.

29. In late 2003 and early 2004, Ricky Headley began his own investigation as to why he has been required to register as a sex offender and the other's that were investigated for the same crime had not.

30. Ricky Headley spoke with Teresa Connell, in the Chilton County Clerk's Office, who examined his filed and informed him that his picture should have not been posted on the internet or in the courthouse. She provided him with the contact number for the Public Safety Division and advised him to contact them.

31. The Public Safety Division agreed with what Teresa Connell had said and stated that a mistake had been made.

32. The following day Ricky Headley noticed that his picture and information had been taken down from the internet site and that the picture had also been removed from the Chilton County Courthouse bulletin board.

33. It was at this time that Ricky Headley learned that Maturi was not longer employed in Chilton County.

34. In 2004, Ricky and Misty Headley reconciled.

35. On June 28, 2005, Ricky Headley was granted a Final Decree of Adoption for his minor son.

36. The couple formally remarried on February 14, 2006.

37. On May 11, 2006, Ricky Headley was informed that the Chilton County Sheriff's Department had a warrant outstanding for him.

38. Misty Headley called the Chilton County Sheriff's Department to confirm this information. Gerald Pervis informed her that there was an outstanding warrant for failure to notify.

39. Ricky Headley turned himself into authorities on May 11, 2006. He posted bond and was released the same day.

40. On May 15, 2006 Ricky and Misty Headley went to the Chilton County Clerk's Office to obtain a copy of Ricky Headley's file. Circuit Clerk Mike Smith informed them that his file was sealed due to the fact that it was a youthful offender adjudication and that it could only be opened with Ricky Headley's consent. Mike Smith also confirmed that Ricky Headley's picture should have never been posted on the internet or at the courthouse.

41. That the charges against Ricky Headley were no billed by a Chilton County Grand Jury in August, 2006.

## CAUSES OF ACTION

## COUNT ONE – 42 U.S.C. Section 1983

42. This claim is brought by all Plaintiffs against all Defendants as the said defendants have violated the plaintiffs constitutional rights while acting un color of state law. .

43. In violating Plaintiff's federally protected rights, the defendants acted under the color of state law.

44. The effect of the harassment and the failure to remedy said harassment, as outlined above, deprived the Plaintiffs of their statutory and constitutional rights granted by the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Eight Amendment to the United States Constitution, the Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

45. Plaintiff has clearly established a constitutional right to be free from unlawful searched and seizures.

**WHEREFORE THE PREMISES CONSIDERED**, the Plaintiff demands judgment against the Defendants for a sum to include both compensatory and punitive damages, together with interest, costs and expenses of this action.

### COUNT TWO: NEGLIGENCE

46. The Plaintiff incorporates and realleges paragraphs one through forty-five, as if fully set forth herein.

47. The Defendant, Chilton County, and particularly the Chilton County's Sheriff's Department, has been negligent in the restricting access to youthful offender case files as well as the photographs contained therein.

48. Due to the negligence of the Chilton County's Sheriff's Department the Plaintiff has been publicly humiliated and cause family and personal hardship by deplacing in public information which is mandated by state law to remain private and confidential.

**WHEREFORE THE PREMISES CONSIDERED**, the Plaintiff demands judgment against the Defendants for a sum to include both compensatory and punitive damages, together with interest, costs and expenses of this action.

## COUNT THREE: INVASION OF PRIVACY

49. The Plaintiff reincorporates and realleges paragraphs one through forty-eight, as if fully set forth herein.

50. The Defendants, as is listed above, misappropriated the likeness of the Plaintiff, and has allowed the likeness of the said Plaintiff to be published by the Defendant at the Chilton County Courthouse and the Department of Public Safety website. Said information has been wrongfully placed in public view without the permission of the Plaintiff.

51. This wrongful intrusion into the Plaintiff's privacy was done in a manner to outrage, cause mental suffering, shame and humiliation.

52. The mental suffering, shame and humiliation were the proximate result of such wrongful conduct by the Defendants in the procurement and publishing of the said photograph and the utilization of the said information which is contained in youthful offender case file.

53. The violation of the Plaintiff's privacy was accompanied by insult and malice.

**WHEREFORE THE PREMISES CONSIDERED**, the Plaintiff demands judgment against the Defendants for a sum to include both compensatory and punitive damages, together with interest, costs and expenses of this action.

## COUNT FOUR: INFLICTION OF EMOTIONAL AND MENTAL DISTRESS

54. The Plaintiff incorporates and realleges paragraphs one through fifty-three as fully set forth herein.

55. All the Defendants, did as a proximate consequence of their intentional actions cause the Plaintiff to suffer sever emotional distress due to the actions of the Defendants as set forth in paragraphs six through forty-one above.

**WHEREFORE THE PREMISES CONSIDERED**, the Plaintiff demands judgment against the Defendants for a sum to include both compensatory and punitive damages, together with interest, costs and expenses of this action.

## COUNT FIVE: NEGLIGENT HIRING, TRAINING, SUPERVISION, RETENTION

56. The Plaintiff incorporates and realleges paragraphs one through fifty-five as fully set forth herein.

57. The defendant knew or should have known in the exercise of due care that the information contained within the Plaintiff's juvenile file was not public information.

58. The defendant failed to adequately train it's employees and this failure to train proximately caused the plaintiffs to suffer damages.

## COUNT SIX: WANTON HIRING, TRAINING, SUPERVISION, RETENTION

59. The Plaintiff incorporates and realleges paragraphs one through fifty-eight as fully set forth herein.

60. The defendants acts or omissions pertaining to the hiring, training, supervision, and retention of it's employees were done or omitted under conditions that any reasonable person would know that significant harm to persons in the plaintiff's

position would likely result. The defendants' conduct was wanton and this wanton conduct proximately caused the plaintiff to suffer damages.

### COUNT SEVEN: FALSE IMPRISONMENT

61. The Plaintiff incorporates and realleges paragraphs one through sixty as fully set forth herein.

62. By their acts, the defendants are guilty of falsely imprisoning the plaintiff which resulted in damages to the plaintiff.

### REQUESTED RELIEF

The Plaintiff requests from this Honorable Court the following relief:

1. Issue a declaratory judgment that the policies, practices, procedures, conditions and customs of the defendants violate the rights of the Plaintiff as secured by 42 U.S.C. Section 1983, the Fourteenth Amendment to the United States Constitution, the Eight Amendment to the United States Constitution, and the supplemental state law claims;

2. Grant the Plaintiff a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendants' request from continuing to violate 42 U.S.C. Section 1983, the Fourteenth Amendment to the United States Constitution, the Eight Amendment to the United States Constitution, the Constitution of Alabama and Alabama state law;

3. Issue an Order requiring the defendants to initiate and implement programs that (i) provide training for employees and trainees on the subject of youthful offender adjudications arising out of sexual allegations; (ii) remedy the effects of the

defendants' past and present unlawful practices, and (iii) a quarterly report setting forth information relevant to the determination of the effectiveness of the programs created to eliminate sexual abuse in all forms;

4. Issue an Order requiring the defendants to make the Plaintiff whole by awarding compensatory damages and punitive damages;

5. To award the Plaintiff compensatory damages for all of the economic injuries caused by the actions of the Defendants either through their neglect and/or intentional actions;

6. Award the Plaintiff compensatory damages for his physical and emotional suffering;

7. Award the Plaintiff punitive damages;

8. Award the Plaintiff all expenses accrues as was necessary to litigate this matter, which includes and is not limited to attorney's fees, expert witness fees, and etc;

9. Award the Plaintiff costs, expenses, and interest and such other relief as this Honorable Court may deem proper;

DONE AND DATED this ___ day of November, 2006.

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

_____
Roianne Houlton Conner
ASB-9677-R77R
Attorney for the Plaintiff


_____
Danny Ricky Headley
Plaintiff

STATE OF ALABAMA      )
MONTGOMERY COUNTY )

BEFORE ME, the undersigned authority, a notary public in and for said State and County, personally appeared Danny Ricky Headley, who being first duly sworn by me, deposes and says that he has read the foregoing instrument and says that he did voluntarily sign the same after being advised of the nature and effects thereof, and authorizes its filing with the Court.

SWORN TO AND SUBSCRIBED on this the 27 day of November, 2006.

Broone M. Poague
NOTARY PUBLIC
My Commission Expires:
My Commission Expires
7-13-09

OF COUNSEL
LAW OFFICES OF ROIANNE HOULTON CONNER
250 WINTON BLOUNT LOOP
MONTGOMERY, ALABAMA 36117
(334) 215-1988