IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANNY RICKY HEADLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-1083-MEF |
| ) | |
| CHILTON COUNTY, ALABAMA, ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

MOTION TO DISMISS OF DEFENDANT DESIGNATED AS
"CHILTON COUNTY (CHILTON COUNTY SHERIFF'S DEPARTMENT)"

The defendant designated in the complaint in this case as "Chilton County (Chilton County Sheriff's Department)" moves the Court to dismiss it as a defendant in this action. This motion to dismiss is based on the following grounds:

1.     The complaint in this case fails to state a claim upon which relief may be granted as to Chilton County, Alabama or the "Chilton County Sheriff's Department."

2.     The "Chilton County Sheriff's Department" does not constitute a legal entity capable of being sued.

3.     There is no maintainable basis for any state law vicarious liability claim in this action against Chilton County, Alabama. The Chilton County Sheriff and his deputies are state, and not county officers, under Alabama law. Probation officers are

officers and employees of the State of Alabama Board of Pardons and Paroles, not Chilton County, Alabama. As a consequence, there can be no claim of *respondeat superior* liability asserted against Chilton County arising from the alleged acts or omissions of former Chilton County Sheriff Neely Strength, any current sheriff or deputy, or Probation Officer Chris Maturi.

4.    There is no basis for any state law claim in this action against Chilton County, Alabama for failing to train or supervise the Chilton County Sheriff, any deputy sheriff or a state probation officer. Under Alabama law, an Alabama county commission has no authority to direct or manage the sheriff or his employees, or state probation officers and, as a consequence, can have no liability for failure to train or supervise.

5.    There is no basis for any claim under 42 U.S.C. § 1983 in this action against Chilton County, Alabama. The matters at issue arise out of the alleged actions of the Chilton County Sheriff or his deputies and a state probation officer. Chilton County, Alabama has no authority under Alabama law to engage in law enforcement functions and has no duty or authority under the sex offender registration or notification statutes. As a consequence, neither the Chilton County Sheriff, his deputies, or a state probation officer can be said to have been engaged in implementation or execution of any policy, custom, or practice of Chilton County

which could give rise to liability under 42 U.S.C. § 1983.

6. Any claims alleged against Chilton County arising out of the alleged acts or omissions of former Sheriff Neely Strength and Probation Officer Chris Maturi are barred by the expiration of the applicable two-year statute of limitations.

s/ George W. Royer, Jr.<br>
George W. Royer, Jr.

LANIER FORD SHAVER & PAYNE, P.C.
200 West Side Square
Suite 5000
Huntsville, AL 35801
Phone: 256-535-1100
Fax: 256-533-9322
E-mail: gwr@lfsp.com

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing upon the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Roianne Houlton Conner
250 Winton Blount Loop
Montgomery, AL 36117

on this 22nd day of December, 2006.

s/ George W. Royer, Jr.<br>
George W. Royer, Jr.