IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANNY RICKY HEADLEY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHILTON COUNTY, ALABAMA, )<br>et al. )<br>)<br>Defendants. ) | CASE NO. 2:06-cv-1083-MEF |

BRIEF IN SUPPORT OF MOTION TO DISMISS OF
DEFENDANT DESIGNATED AS "CHILTON COUNTY
(CHILTON COUNTY SHERIFF'S DEPARTMENT)"

A. Introduction

This action was commenced by the filing of a complaint in the United States District Court on December 6, 2006 by plaintiff Danny Ricky Headley. Headley named, among others, a defendant designated as "Chilton County (Chilton County Sheriff's Department)." The matters at issue arise out of matters involving whether or not plaintiff Headley was required to register as a sex offender under Alabama law. It is not clear from his complaint as to whether Headley intends to sue Chilton County, Alabama, or the Chilton County Sheriff's Department.[1] However, regardless

---

[1] In the caption of the complaint, plaintiff Headley designates "Chilton County (Chilton County Sheriff's Department)" as the defendant. In paragraph 3 of the complaint, he appears to identify this defendant as the "Chilton County Sheriff's Department."

of which defendant Headley intends, neither can have any liability as a matter of law for the matters alleged in the complaint in this case.

      B.    The "Chilton County Sheriff's Department" Does Not Constitute a Legal Entity Capable of Being Sued.

In order to bring a maintainable claim in federal court under 42 U.S.C. § 1983, a plaintiff must assert a claim against an entity capable of being sued. Capacity is a question of state law. "[C]apacity to be sued shall be determined by the law of the state in which the District Court is held . . ." Rule 17(b), Fed. R. Civ. P. The Alabama Supreme Court on two separate occasions has considered the issue of whether a "sheriff's department" constitutes a legal entity capable of being sued. The Supreme Court held in both instances that a "sheriff's department" does not constitute a legally suable entity. See Ex Parte Harralson, 853 So.2d 928, 931 (Ala. 2003) ("It is clear under Alabama law that the sheriff's department is not a legal entity subject to suit"); King v. Colbert County, 620 So. 2d 623, 626 (Ala. 1993) (". . . King's complaint named the 'Colbert County Sheriff's Department' as a defendant. The Colbert County Sheriff's Department is not a legal entity. Therefore, one cannot maintain an action against it."); White v. Birchfield, 582 So. 2d 1085, 1087 (Ala. 1991) ("The Chambers County Sheriff's Department is not a legal entity subject to suit. Therefore, a cause of action may not be maintained against the Chambers County Sheriff's Department."). The Eleventh Circuit has reached the same result.

In <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992). In <u>Dean</u>, the Eleventh Circuit held that the "Jefferson County Sheriff's Department" was not a legal entity subject to suit. 951 F.2d at 1214-15. See also <u>Russell v. Mobile County Sheriff</u>, 2000 WL 1848470 (S.D. Ala. Nov. 20, 2000) at * 3 ". . .[A]n Alabama sheriff's department is not a legal entity that is subject to being sued.")

  C. Chilton County Has No Liability for Plaintiff's State Law Tort Claims.

In the event that plaintiff Headley intended to sue Chilton County in this action, Chilton County can have no liability as a matter of law for the plaintiff's state law tort claims. An Alabama sheriff, being a member of the Executive Department of state government under Article V, § 112, <u>Alabama Constitution of 1901</u>, is a *state*, not a county official. <u>Parker v. Amerson</u>, 519 So. 2d 442 (Ala. 1987). Since such is the case, the Alabama Supreme Court has held that an Alabama county can have no liability as a matter of law for the alleged acts or omissions of a sheriff. In <u>Parker</u>, the Alabama Supreme Court stated:

> A sheriff is not an employee of a county for purposes of imposing liability on the county under a theory of respondeat superior.

>    * * *

> In determining whether a sheriff is an employee of a county for purposes of imposing liability on the county, this court must construe Article V, § 112, of the Alabama

3

> Constitution, which includes sheriffs of each county within the executive department of state government. The language in § 112 is quite clear. It states: "The executive department shall consist of a governor . . . and a sheriff for each county." Ala. Const. Art. V, § 112. The phrase "executive department" obviously means the executive department of Alabama. Therefore, offices included within § 112 must be executive offices of the executive department of the State of Alabama. Construing § 112 to mean that the sheriff is a county officer would be inconsistent with the plain meaning of the language. This court is not at liberty to disregard the clear meaning of the Constitution.

Parker, 519 So. 2d at 442-43. See also Ex parte Sumter County, ___ So.2d at ___ (Ala. Sept. 29, 2006) 2006 WL 2790036 at * 3 ("This Court has also held that because a sheriff is an executive officer [of the state], 'a sheriff is not an employee of a county for the purpose of imposing liability on the county . . . .' "); King v. Colbert County, 620 So.2d 623, 625-26 (Ala. 1993) (same). In addition to having no vicarious liability for acts or omissions of the sheriff, Alabama counties also have no vicarious liability for the acts or omissions of a deputy sheriff. See Ex parte Sumter County, ___ So.2d at ___, 2000 WL 2790036 at * 3 (". . . [C]ounties cannot be held vicariously liable for the actions or omissions of the sheriff or his deputies in operating a county jail.") White v. Birchfield, 582 So. 2d 1085, 1087 (Ala. 1991) (county has no liability for the alleged negligence of a deputy sheriff in operating motor vehicle).

Plaintiff also alleges a claim against Chilton County for allegedly improperly failing to train or supervise the Chilton County Sheriff and his deputies. Plaintiff alleges that Chilton County "failed to adequately train it's [sic] employees and this failure to train proximately caused the plaintiffs [sic] to suffer damages." (Complaint ¶ 58). In addition to having no respondeat superior liability arising out of alleged acts or omissions of the Chilton County Sheriff or Chilton County deputy sheriffs, Chilton County can have no state law tort liability for plaintiff's claims that Chilton County has failed to adequately train or supervise the Chilton County Sheriff or deputy sheriffs. Alabama counties have no law enforcement authority or responsibility whatsoever. McMillian v. Monroe County, 520 U.S. 781, 790 (1997). Under Alabama law, an Alabama county commission "has no authority to manage the sheriff's employees." Turquitt v. Jefferson County, 137 F.3d 1285, 1289 (11th Cir. 1998). See also Terry v. Cook, 866 F.2d 373, 379 (11th Cir. 1989). The issue of whether a county can have liability for matters arising out of the supervision of a county sheriff's employees was considered by the Middle District of Alabama in Raspberry v. Johnson, 88 F. Supp. 2d 1319 (M.D. Ala. 2000). In Raspberry, the plaintiff had alleged that the Autauga County Commission could have liability for the negligent hiring of a deputy sheriff. The District Court, after observing that the county commission had no authority as a matter of law over the hiring or supervision

5

of deputy sheriffs, rejected the plaintiff's claims for negligence against the county commissioners. The Court stated:

> Under Alabama law . . . county commissioners have "no authority to manage the sheriff's employees." Turquitt, 137 F.3d at 1289; see also Terry v. Cook, 866 F.2d 373, 379 (11th Cir. 1989) (holding that county commissioners have no authority to hire or fire sheriff's deputies under Alabama law). Accordingly, *the court finds that the Commissioners had no authority over the supervision or hiring of Deputy Cable. Therefore, based on the foregoing, the court finds that Plaintiff's negligent supervision and negligent hiring claims brought against the Commissioners are due to be dismissed as a matter of law.*

Raspberry, 88 F. Supp. 2d at 1325-26. (emphasis added).

The same is true with any claims against Chilton County arising out of the actions of Probation Officer Maturi. Probation officers who supervise probationers who have been convicted in the courts of Alabama are employees of the State of Alabama Board of Pardons and Paroles, not the county in which they are employed. See § 15-22-35, Code of Alabama, (1975). Section 15-19-2, Code of Alabama, (1975) specifically directs that investigations of persons under consideration for youthful offender status be conducted by state probation officers. As a consequence, it is clear that because probation officers are state, and not county employees, an Alabama county can have no vicarious liability arising out of the acts or omissions of probation officers, or any liability for failing to train or supervise probation

officers.

        D.    Plaintiff Has No Maintainable Claim Under 42 U.S.C. § 1983 Against Chilton County, Alabama.

It is further clear that Chilton County, Alabama, can have no liability for any claims in this action alleged under 42 U.S.C. § 1983 (if, indeed, any such claims are alleged against it in this action). To impose liability upon a governmental entity under 42 U.S.C. § 1983, it is necessary for the constitutional deprivation to have been the result of the implementation or execution of an unconstitutional policy, custom or practice of the governmental entity. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). "Alabama counties are 'authorized to do only those things permitted or directed by the Legislature of Alabama.'" Swint v. City of Wadley, 5 F.3d 1435, 1450 (11th Cir. 1993), vacated for lack of appellate jurisdiction, 514 U.S. 35 (1995), quoting Lockridge v. Etowah County Commission, 460 So. 2d 1361, 1363 (Ala. Civ. App. 1984). Any law enforcement function on the county government level falls to the sheriff of the particular county in question. "The sheriff and his deputies, as conveyed to them by the sheriff, have the exclusive authority in county government to 'ferret out crime.'" Cofield v. Randolph County Commission, 844 F. Supp. 1499, 1501 (M.D. Ala. 1994), quoting § 36-22-3(4), Code of Alabama (1975). "The only statutory duty imposed on a county commission relating to the law enforcement function is a requirement that the commission 'furnish the sheriff with

the necessary quarters, books, stationary, office equipment, supplies, postage and other conveniences and equipment, including automobiles and necessary repairs . . . for the proper and efficient conduct of the affairs of the sheriff's office.'" Forehand v. Roberts, CA No. 92-A601-N, 1992 WL 554241 at *2 n.1 (M.D. Ala. 1992), quoting § 36-22-23, Code of Alabama (1975). See also Cofield, 844 F. Supp. at 1501.

Because Alabama counties have no law enforcement duty or authority, the United States Supreme Court has held that Alabama sheriffs cannot be said to be executing county policy in connection with the discharge of their law enforcement duties. In McMillian v. Monroe County, 520 U.S. 781 (1997), the United States Supreme Court considered the issue of whether Monroe County could have liability under 42 U.S.C. § 1983 for alleged unconstitutional actions allegedly committed by the sheriff in connection with the discharge of his duties. At issue in McMillian was whether an Alabama sheriff could be a "final policymaker" for an Alabama county in the area of law enforcement who could impose liability upon the county for his or her acts or omissions under St. Louis v. Praprotnik, 485 U.S. 112 (1998). 520 U.S. at 785-86. The Eleventh Circuit had held that Monroe County could have no liability on the basis that "Sheriff Tate is not a final policymaker for Monroe County in the area of law enforcement, because Monroe County has no law enforcement authority."

McMillian v. Johnson, 88 F.3d 1573, 1583 (11th Cir. 1996). The United States Supreme Court affirmed. 520 U.S. at 796. In so doing, the Supreme Court stated the following with regard to the lack of law enforcement authority on the part of Alabama counties:

> ... [T]he 'powers and duties' of the counties themselves – creatures of the State who have only the powers granted to them by the State, Alexander, 150 So. 2d, at 206 – do not include any provision in the area of law enforcement. Ala. Code § 11-3-11 (1989). Thus, the 'governing body' of the counties – which in every Alabama county is the county commission, see Calvert v. Cullman County Comm'n, 669 So. 2d 119 (Ala. 1995) (citing § 11-1-5) – cannot instruct the sheriff how to ferret out crime, how to arrest a criminal, or how to secure evidence of a crime.

McMillian, 520 U.S. at 790.

As a consequence of the foregoing, it is clear that Chilton County, Alabama can have no liability for the matters at issue in this case. The matters alleged in the complaint in this case all involve matters concerning the registration and community notification of plaintiff Headley as a sex offender under Alabama. Such matters are governed by §§ 13A-11-200, et seq., and §§ 15-20-20, et seq., Code of Alabama. None of those code provisions impose any duty or responsibility, or confer any authority upon any Alabama county or county commission with regard to the implementation of the registration and community notification of sex offenders in Alabama. Rather, it is clear that all of those statutes specifically impose the

9

responsibility to carry out those provisions upon the sheriff, the attorney general, the Director of the Department of Public Safety, the Alabama Criminal Justice Information Center, and the chief of police in the town in which the sex offender resides. In addition, the matters covered by the statutes all involve law enforcement matters. Because none of the matters at issue in this lawsuit have any applicability to any duty or authority of the Chilton County Commission, no person involved in the implementation or execution of any functions covered under the statutes would have been engaged in the implementation or execution of a Chilton County policy or custom. As a consequence, Chilton County, Alabama can have no liability arising out of the matters at issue in this action under § 1983.

>	D.	The Expiration of the Statute of Limitations Bars Any Claims Against Chilton County Arising Out of the Acts or Omissions of Sheriff Strength or Probation Officer Maturi.

The statute of limitations for state law tort claims premised upon vicarious liability is two years in Alabama. See § 6-2-38(n), Code of Alabama, 1975. As a consequence, to the extent that any alleged actions of Sheriff Strength or Probation Officer Maturi could in any way be said to have formed the basis for any state law tort claim against Chilton County, it is time barred. The *sole* allegation of any conduct on the part of Sheriff Strength is conduct which occurred in September of 1998. Headley alleges he was "photographed by [sheriff] Strength and placed into the [sex

offender] data base" at that time. (Complaint ¶ 14). He further alleges that immediately thereafter "Strength issued Ricky Headley a felony card, which was signed by Strength, and instructed Ricky Headley to keep the card in his possession at all times." (Complaint ¶ 16). Sheriff Strength went out of office as sheriff of Chilton County in January of 1999 when he was replaced as sheriff by Billy Wayne Fulmer.² Likewise, the sole conduct on the part of Probation Officer Maturi is alleged to have occurred in September of 1998 when Maturi "informed Ricky Headley that he would have to provide a DNA sample, fingerprints and a photograph." (Complaint ¶ 14). The complaint alleges that Headley "complied with Maturi's instructions and proceeded to the Chilton County Sheriff's Department." Id. The only other allegation at all concerning Maturi in the complaint in this case is that in "late 2003 and early 2004" when Headley "began his own investigation as to why he has been required to register as a sex offender (Complaint ¶ 29), he determined that "Maturi was not [sic] longer employed in Chilton County." (Complaint ¶ 33). Because it is clear that all alleged acts or omissions on the part of either Sheriff Strength or Probation Officer Maturi occurred more than two years preceding the commencement

---

²The Court can take judicial notice of that Sheriff Strength was no longer in office as of January, 1999 and that Sheriff Fulmer succeeded him in office at that time pursuant to Rule 201(b) Fed. R. Evid. See e.g., Corbin v. Cannon, 838 F. Supp. 561, 563 (M.D. Fla. 1993) (fact that sheriff was not in office at a given time constitutes fact of which judicial notice can be taken under Rule 201(b) as "a readily and accurately verifiable fact").

11

of this action, any state law tort claims against Chilton County premised on vicarious liability on the part of either Strength or Maturi are time barred.

The same is true for any claims premised on any alleged acts or omissions of Maturi or Strength under 42 U.S.C. § 1983. The applicable statute of limitations for § 1983 actions brought in federal court in Alabama is two years. See Jones v. Preuit & Mauldin, 876 F.2d 1483-84 (11th Cir. 1989). See also Lufkin v. McCallum, 956 F.2d 1104, 1105 (11th Cir. 1992).

## Conclusion

Plaintiff has no maintainable claim in this action for the matters alleged in the complaint either against Chilton County, Alabama or the "Chilton County Sheriff's Department." The motion to dismiss of the defendant designated as "Chilton County (Chilton County Sheriff's Department)" is due to be granted, and said defendant is due to be dismissed from this action.

s/ George W. Royer, Jr.
George W. Royer, Jr.

LANIER FORD SHAVER & PAYNE, P.C.
200 West Side Square
Suite 5000
Huntsville, AL 35801
Phone: 256-535-1100
Fax: 256-533-9322
E-mail: gwr@lfsp.com

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing upon the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Roianne Houlton Conner
> 250 Winton Blount Loop
> Montgomery, AL 36117

on this 22nd day of December, 2006.

                                            s/ George W. Royer, Jr.
                                            George W. Royer, Jr.