IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANNY RICKY HEADLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-1083-MEF |
| ) | |
| CHILTON COUNTY, ALABAMA, ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

## MOTION TO STAY PENDING
## RULING ON QUALIFIED IMMUNITY

Defendants Chilton County, Alabama and Chilton County Sheriff Neely Strength move the Court to stay all discovery and other proceedings in this action, together with the requirement that the parties conduct a meeting and make pre-trial disclosures in accordance with Rule 26, pending resolution of the issues of: (1) whether defendant Strength is entitled to qualified immunity from plaintiff's individual-capacity claims which may be alleged against him under 42 U.S.C. § 1983 in the complaint in this case, (2) whether defendant Strength is entitled to immunity under the Eleventh Amendment from any official-capacity claims which may be alleged against him under 42 U.S.C. § 1983 in the complaint in this case, and (3) whether defendant Strength is entitled to absolute immunity under Article I, § 14, of the Alabama Constitution of 1901 from the state law tort claims alleged against him

in the complaint in this case. As grounds for their motion, said defendants state as follows:

1.  All defendants have filed motions to dismiss the plaintiff's complaint in this action. The motion to dismiss of defendant Strength contends that plaintiff has no maintainable claim against said defendant because he is entitled to qualified immunity from any individual-capacity claims which may be alleged against him in the complaint under 42 U.S.C. § 1983. Defendant Strength has moved the Court to dismiss any official-capacity claims which may be alleged against him under 42 U.S.C. § 1983 in the complaint on the basis that he is immune from such claims under the Eleventh Amendment. Defendant Strength has further moved the Court to dismiss the state law tort claims alleged against him in the complaint in this case on the basis that he is entitled to absolute immunity from such claims under Article I, § 14, of the Alabama Constitution of 1901.

2.  The purpose of the defenses of both absolute and qualified immunity is not only to protect government officials from suit, but also from the cost and burdens of litigation including discovery. See Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004) ("The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having bear the burdens attendant to litigation, including pretrial discovery."). The immunity

of a governmental official from money damages in actions under 42 U.S.C. § 1983 "is a question of law for the Court to determine." Ansley v. Heinrich, 925 F.2d 1339, 1341 (11th Cir. 1991). "Until this threshold immunity question is resolved, *discovery should not be allowed.*" Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (emphasis added). See also Siegert v. Gilley, 500 U.S. 226, 236 (1991) ("[A]voidance of disruptive discovery is one of the very purposes for the official immunity doctrine. . ."); Lassiter v. Alabama A&M University, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc) ("Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) . . ."); Caraballo-Sandoval v. Honsted, 35 F.3d 521, 524 (11th Cir. 1994) (affirming district court's stay of discovery until determination of the qualified immunity issue).

3.  Said defendants are entitled to have the Court determine whether the plaintiff's complaint in this case is sufficient to overcome Sheriff Strength's defenses of absolute and qualified immunity prior to the commencement of discovery or any pretrial proceeding. See Blinco, 366 F.3d at 1252 ("The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.") (emphasis in original) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)); Marsh v. Butler County, 268 F.3d 1014, 1022 (11th Cir. 2001) (*en banc*) ("Unless the plaintiff's

3

allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."). See also Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert. denied, sub nom., Deutcsh v. Oladeinde, 507 U.S. 987 (1993) ("Under the qualified-immunity defense, defendants are immune from liability and even from trial if plaintiffs' complaint fails to state a violation of 'clearly established statutory or constitutional rights of which a reasonable person would have known.' ").

4. Likewise, because the purpose of absolute and qualified immunity is to protect government officials from the cost and burdens of litigation, any requirement that the parties hold a Rule 26 meeting and make pretrial disclosures thereafter should be stayed until a ruling by the Court of the entitlement of defendant Strength to absolute or qualified immunity from the claims alleged against him in the complaint in this case.

                    s/ George W. Royer, Jr.
                    George W. Royer, Jr.

LANIER FORD SHAVER & PAYNE, P.C.
200 West Side Square
Suite 5000
Huntsville, AL 35801
Phone: 256-535-1100
Fax: 256-533-9322
E-mail: gwr@lfsp.com

## CERTIFICATE OF SERVICE

    I hereby certify that I have filed the foregoing upon the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Roianne Houlton Conner
    250 Winton Blount Loop
    Montgomery, AL 36117

on this 22nd day of December, 2006.

                                      s/ George W. Royer, Jr.
                                      George W. Royer, Jr.