IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANNY RICKY HEADLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:06-cv-1083-MEF |
| | ) | |
| CHILTON COUNTY, ALABAMA, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF NEELY STRENGTH

Defendant Neely Strength answers the complaint in this case as follows:

1.     Said defendant admits that this Court has jurisdiction of this action.

2.     Said defendant admits that venue is proper.

Second Paragraph Numbered 2.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of the second paragraph numbered 2 in the complaint; hence, such allegations are denied.

3.     Said defendant admits that plaintiff has asserted claims against a defendant designated as the "Chilton County Sheriff's Department" in this action but denies that said defendant constitutes a legal entity capable of being sued, and further denies that any agents, servants, or employees of said defendant committed any acts which give rise to a claim for relief in this action.

4.     Said defendant admits that plaintiff has sued defendant Maturi in his official and individual capacities in this action. Said defendant is without knowledge or information sufficient to enable him to admit or deny the remaining allegations of paragraph 4 of the complaint; hence, such allegations are denied.

5.     Said defendant admits that he has been sued in his official and individual capacities. Said defendant further denies that he has acted in any way which would give rise to a maintainable claim under 42 U.S.C. § 1983 on the part of the plaintiff in this action.

6.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 6 of the complaint; hence, such allegations are denied.

7.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 7 of the complaint; hence, such allegations are denied.

8.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 8 of the complaint; hence, such allegations are denied.

9.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 9 of the complaint; hence,

such allegations are denied.

10.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 10 of the complaint; hence, such allegations are denied.

11.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 11 of the complaint; hence, such allegations are denied.

12.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 12 of the complaint; hence, such allegations are denied.

13.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 13 of the complaint; hence, such allegations are denied.

14.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 14 of the complaint; hence, such allegations are denied.

15.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 15 of the complaint; hence, such allegations are denied.

16.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 16 of the complaint; hence, such allegations are denied.

17.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 17 of the complaint; hence, such allegations are denied.

18.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 18 of the complaint; hence, such allegations are denied.

19.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 19 of the complaint; hence, such allegations are denied.

20.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 20 of the complaint; hence, such allegations are denied.

21.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 21 of the complaint; hence, such allegations are denied.

22.     Said defendant is without knowledge or information sufficient to enable

him to either admit or deny the allegations of paragraph 22 of the complaint; hence, such allegations are denied.

23.    Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 23 of the complaint; hence, such allegations are denied.

24.    Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 24 of the complaint; hence, such allegations are denied.

25.    Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 25 of the complaint; hence, such allegations are denied.

26.    Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 26 of the complaint; hence, such allegations are denied.

27.    Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 27 of the complaint; hence, such allegations are denied.

28.    Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 28 of the complaint; hence,

such allegations are denied.

29.    Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 29 of the complaint; hence, such allegations are denied.

30.    Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 30 of the complaint; hence, such allegations are denied.

31.    Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 31 of the complaint; hence, such allegations are denied.

32.    Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 32 of the complaint; hence, such allegations are denied.

33.    Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 33 of the complaint; hence, such allegations are denied.

34.    Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 34 of the complaint; hence, such allegations are denied.

35.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 35 of the complaint; hence, such allegations are denied.

36.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 36 of the complaint; hence, such allegations are denied.

37.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 37 of the complaint; hence, such allegations are denied.

38.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 38 of the complaint; hence, such allegations are denied.

39.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 39 of the complaint; hence, such allegations are denied.

40.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 40 of the complaint; hence, such allegations are denied.

41.     Said defendant is without knowledge or information sufficient to enable

him to either admit or deny the allegations of paragraph 41 of the complaint; hence, such allegations are denied.

42.    Said defendant denies the allegations of paragraph 42 of the complaint.

43.    Said defendant denies the allegations of paragraph 43 of the complaint.

44.    Said defendant denies the allegations of paragraph 44 of the complaint.

45.    With regard to the allegations of paragraph 45 of the complaint, said defendant states that he has not committed any acts which would be in violation of plaintiff's constitutional right to be free from unlawful searches and seizures.

46.    For his answer to the allegations of paragraph 46 of the complaint, said defendant adopts and realleges his answers to paragraphs 1-45, as if fully set forth herein.

47.    Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 47 of the complaint; hence, such allegations are denied.

48.    Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 48 of the complaint; hence, such allegations are denied.

49.    For his answer to the allegations of paragraph 49 of the complaint, said defendant adopts and realleges his answers to paragraphs 1-48, as if fully set forth

8

herein.

50.    Said defendant denies the allegations of paragraph 50 of the complaint insofar as said allegations allege conduct on his part. Said defendant is without information or knowledge sufficient to enable him to either admit or deny the allegations of paragraph 50 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

51.    Said defendant denies the allegations of paragraph 51 of the complaint insofar as said allegations allege conduct on his part. Said defendant is without information or knowledge sufficient to enable him to either admit or deny the allegations of paragraph 51 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

52.    Said defendant denies the allegations of paragraph 52 of the complaint insofar as said allegations allege conduct on his part. Said defendant is without information or knowledge sufficient to enable him to either admit or deny the allegations of paragraph 52 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

53.    Said defendant denies the allegations of paragraph 53 of the complaint insofar as said allegations allege conduct on his part. Said defendant is without information or knowledge sufficient to enable him to either admit or deny the

allegations of paragraph 53 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

54.    For his answer to the allegations of paragraph 54 of the complaint, said defendant adopts and realleges his answers to paragraphs 1-53, as if fully set forth herein.

55.    Said defendant denies the allegations of paragraph 55 of the complaint insofar as said allegations allege conduct on his part.  Said defendant is without information or knowledge sufficient to enable him to either admit or deny the allegations of paragraph 55 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

56.    For his answer to the allegations of paragraph 56 of the complaint, said defendant adopts and realleges his answers to paragraphs 1-55, as if fully set forth herein.

57.    Said defendant denies the allegations of paragraph 57 of the complaint insofar as said allegations allege conduct on his part.  Said defendant is without information or knowledge sufficient to enable him to either admit or deny the allegations of paragraph 57 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

58.    Said defendant denies the allegations of paragraph 58 of the complaint

insofar as said allegations allege conduct on his part. Said defendant is without information or knowledge sufficient to enable him to either admit or deny the allegations of paragraph 58 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

59.    For his answer to the allegations of paragraph 59 of the complaint, said defendant adopts and realleges his answers to paragraphs 1-58, as if fully set forth herein.

60.    Said defendant denies the allegations of paragraph 60 of the complaint insofar as said allegations allege conduct on his part. Said defendant is without information or knowledge sufficient to enable him to either admit or deny the allegations of paragraph 60 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

61.    For his answer to the allegations of paragraph 61 of the complaint, said defendant adopts and realleges his answers to paragraphs 1-60, as if fully set forth herein.

62.    Said defendant denies the allegations of paragraph 62 of the complaint insofar as said allegations allege conduct on his part. Said defendant is without information or knowledge sufficient to enable him to either admit or deny the allegations of paragraph 62 of the complaint, as the same pertain to other defendants;

hence, such allegations are denied.

63.    Any allegation contained in the complaint not hereinabove specifically admitted or denied is denied.

## FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted as to said defendant.

## SECOND DEFENSE

Said defendant has absolute immunity from the plaintiff's state law tort claims under Article I, § 14 of the Alabama Constitution of 1901.

## THIRD DEFENSE

Plaintiff's official capacity claims alleged against said defendant under 42 U.S.C. § 1983 are barred by the Eleventh Amendment to the United States Constitution.

## FOURTH DEFENSE

Plaintiff's official capacity claims alleged against said defendant under 42 U.S.C. § 1983 do not constitute a claim against a "person" within the meaning of § 1983.

FIFTH DEFENSE

Defendant Strength is entitled to qualified immunity from plaintiff's claims alleged against him in this action under 42 U.S.C. § 1983.

SIXTH DEFENSE

The claims alleged against defendant Strength are barred by the expiration of the applicable two-year statute of limitations.

SEVENTH DEFENSE

At all times from the time of plaintiff's alleged registration as a sex offender in September of 1998 until defendant Strength left office as Sheriff of Chilton County, Alabama in January of 1999, plaintiff Headley was subject to the provisions of the Community Notification Act and was required, as a youthful offender, to register as a sex offender under the provisions of Act 98-489, Acts of Alabama, 1998. Under Act 98-489, § 15-20-21(3) of the Community Notification Act was amended so as to provide that a "conviction" for which registration as a sex offender was required was defined as follows: "A determination of guilt as the result of a plea, trial, or adjudication as a youthful offender or a delinquent, regardless of whether adjudication is withheld."

EIGHTH DEFENSE

Said defendant is entitled to state agent immunity from the plaintiff's state law

13

tort claims in this action.

## NINTH DEFENSE

Plaintiff's claims to punitive damages, and the provisions of law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

a.     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

b.     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates defendant's rights to due process as guaranteed by the United States Constitution.

c.     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

14

d.     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the defendants' due process rights.

e.     Plaintiff's claim for punitive damages against these defendants cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate these defendants' due process and equal protection rights as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

f.     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution and in violation of these defendants' due process rights.

g.     Plaintiff's claims for punitive damages against these defendants cannot be sustained because any award of punitive damages under Alabama law would violate these defendants' due process rights inasmuch as juries are allowed to

15

award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

h.    Plaintiff's claims of punitive damages and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive these defendants of due process of law.

i.    Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages, cause these defendants to be treated differently from other similarly situated persons/entities by subjecting these defendants to liability beyond the actual loss, if any, caused by defendants' conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

j.    Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages, subject these defendants to punishment for the condition of others through vicarious liability, respondeat superior, or through non-apportionment of damages among joint tortfeasors based on the respective enormity of their alleged

16

misconduct, in violation of defendants' due process right and the Fifth and Fourteenth Amendments to the United States Constitution.

k.     Plaintiff's claims for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages, expose these defendants to the risk of indefinable, unlimited liability unrelated to the actual loss caused by defendants' conduct, creating a chilling effect on defendants' exercise of the right to a judicial resolution of this dispute.

l.     Plaintiff is not entitled to recover punitive damages because it violates the self-incrimination clause of the Fifth Amendment to the United States Constitution to impose against these defendants punitive damages, which are penal in nature, yet compel these defendants to disclose potentially incriminating documents and evidence.

m.     An award of punitive damages in this case would constitute a deprivation of property without due process of law.

n.     The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

o.     The procedures pursuant to which punitive damages are awarded subject these defendants to punishment under a law not fully established before the alleged offense.

## TENTH DEFENSE

Said defendant is not guilty of the things and matters alleged in the complaint in this case.

s/ George W. Royer, Jr.
George W. Royer, Jr.

LANIER FORD SHAVER & PAYNE, P.C.
200 West Side Square
Suite 5000
Huntsville, AL 35801
Phone: 256-535-1100
Fax: 256-533-9322
E-mail: gwr@lfsp.com

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing upon the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Roianne Houlton Conner
250 Winton Blount Loop
Montgomery, AL 36117

on this 28th day of December, 2006.

s/ George W. Royer, Jr.
George W. Royer, Jr.