IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANNY RICKY HEADLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:06-cv-1083-MEF |
| | ) | |
| CHILTON COUNTY, ALABAMA, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

ANSWER OF DEFENDANT DESIGNATED AS "CHILTON
COUNTY (CHILTON COUNTY SHERIFF'S DEPARTMENT)"

The defendant designated in the complaint as "Chilton County (Chilton County

Sheriff's Department)" answers the plaintiff's complaint in this case as follows:

1.    Said defendant admits that this Court has jurisdiction of this action.

2.    Said defendant admits that venue is proper.

Second Paragraph Numbered 2.        Said defendant is without knowledge or

information sufficient to enable it to either admit or deny the allegations of the second

paragraph numbered 2 in the complaint; hence, such allegations are denied.

3.    Said defendant admits that plaintiff has asserted claims against a

defendant designated as the "Chilton County Sheriff's Department" in this action but

denies that said defendant constitutes a legal entity capable of being sued, and further

denies that any agents, servants, or employees of said defendant committed any acts

which give rise to a claim for relief in this action.

4.    Said defendant admits that plaintiff has sued defendant Maturi in his official and individual capacities in this action. Said defendant is without knowledge or information sufficient to enable it to admit or deny the remaining allegations of paragraph 4 of the complaint; hence, such allegations are denied.

5.    Said defendant admits that defendant Strength has been sued in his official and individual capacities in this action. Except as admitted herein, said defendant is without knowledge or information sufficient to enable it to either admit or deny the remaining allegations of paragraph 5 of the complaint; hence, such allegations are denied.

6.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 6 of the complaint; hence, such allegations are denied.

7.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 7 of the complaint; hence, such allegations are denied.

8.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 8 of the complaint; hence, such allegations are denied.

9.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 9 of the complaint; hence, such allegations are denied.

10.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 10 of the complaint; hence, such allegations are denied.

11.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 11 of the complaint; hence, such allegations are denied.

12.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 12 of the complaint; hence, such allegations are denied.

13.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 13 of the complaint; hence, such allegations are denied.

14.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 14 of the complaint; hence, such allegations are denied.

15.    Said defendant is without knowledge or information sufficient to enable

it to either admit or deny the allegations of paragraph 15 of the complaint; hence, such allegations are denied.

16.     Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 16 of the complaint; hence, such allegations are denied.

17.     Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 17 of the complaint; hence, such allegations are denied.

18.     Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 18 of the complaint; hence, such allegations are denied.

19.     Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 19 of the complaint; hence, such allegations are denied.

20.     Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 20 of the complaint; hence, such allegations are denied.

21.     Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 21 of the complaint; hence,

such allegations are denied.

22.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 22 of the complaint; hence, such allegations are denied.

23.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 23 of the complaint; hence, such allegations are denied.

24.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 24 of the complaint; hence, such allegations are denied.

25.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 25 of the complaint; hence, such allegations are denied.

26.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 26 of the complaint; hence, such allegations are denied.

27.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 27 of the complaint; hence, such allegations are denied.

28.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 28 of the complaint; hence, such allegations are denied.

29.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 29 of the complaint; hence, such allegations are denied.

30.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 30 of the complaint; hence, such allegations are denied.

31.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 31 of the complaint; hence, such allegations are denied.

32.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 32 of the complaint; hence, such allegations are denied.

33.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 33 of the complaint; hence, such allegations are denied.

34.    Said defendant is without knowledge or information sufficient to enable

it to either admit or deny the allegations of paragraph 34 of the complaint; hence, such allegations are denied.

35.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 35 of the complaint; hence, such allegations are denied.

36.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 36 of the complaint; hence, such allegations are denied.

37.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 37 of the complaint; hence, such allegations are denied.

38.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 38 of the complaint; hence, such allegations are denied.

39.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 39 of the complaint; hence, such allegations are denied.

40.    Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 40 of the complaint; hence,

such allegations are denied.

41.     Said defendant is without knowledge or information sufficient to enable it to either admit or deny the allegations of paragraph 41 of the complaint; hence, such allegations are denied.

42.     Said defendant denies the allegations of paragraph 42 of the complaint.

43.     Said defendant denies the allegations of paragraph 43 of the complaint.

44.     Said defendant denies the allegations of paragraph 44 of the complaint.

45.     With regard to the allegations of paragraph 45 of the complaint, said defendant states that it has not committed any acts which would be in violation of plaintiff's constitutional right to be free from unlawful searches and seizures.

46.     For its answer to the allegations of paragraph 46 of the complaint, said defendant adopts and realleges its answers to paragraphs 1-45, as if fully set forth herein.

47.     Said defendant denies the allegations of paragraph 47 of the complaint.

48.     Said defendant denies the allegations of paragraph 48 of the complaint.

49.     For its answer to the allegations of paragraph 49 of the complaint, said defendant adopts and realleges its answers to paragraphs 1-48, as if fully set forth herein.

50.     Said defendant denies the allegations of paragraph 50 of the complaint

8

insofar as said allegations allege conduct on his part. Said defendant is without information or knowledge sufficient to enable it to either admit or deny the allegations of paragraph 50 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

51.    Said defendant denies the allegations of paragraph 51 of the complaint insofar as said allegations allege conduct on its part. Said defendant is without information or knowledge sufficient to enable it to either admit or deny the allegations of paragraph 51 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

52.    Said defendant denies the allegations of paragraph 52 of the complaint insofar as said allegations allege conduct on its part. Said defendant is without information or knowledge sufficient to enable it to either admit or deny the allegations of paragraph 52 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

53.    Said defendant denies the allegations of paragraph 53 of the complaint insofar as said allegations allege conduct on its part. Said defendant is without information or knowledge sufficient to enable it to either admit or deny the allegations of paragraph 53 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

54.    For its answer to the allegations of paragraph 54 of the complaint, said defendant adopts and realleges its answers to paragraphs 1-53, as if fully set forth herein.

55.    Said defendant denies the allegations of paragraph 55 of the complaint insofar as said allegations allege conduct on its part.  Said defendant is without information or knowledge sufficient to enable it to either admit or deny the allegations of paragraph 55 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

56.    For its answer to the allegations of paragraph 56 of the complaint, said defendant adopts and realleges its answers to paragraphs 1-55, as if fully set forth herein.

57.    Said defendant denies the allegations of paragraph 57 of the complaint insofar as said allegations allege conduct on its part.  Said defendant is without information or knowledge sufficient to enable it to either admit or deny the allegations of paragraph 57 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

58.    Said defendant denies the allegations of paragraph 58 of the complaint insofar as said allegations allege conduct on its part.  Said defendant is without information or knowledge sufficient to enable it to either admit or deny the

10

allegations of paragraph 58 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

59.    For its answer to the allegations of paragraph 59 of the complaint, said defendant adopts and realleges its answers to paragraphs 1-58, as if fully set forth herein.

60.    Said defendant denies the allegations of paragraph 60 of the complaint insofar as said allegations allege conduct on its part.  Said defendant is without information or knowledge sufficient to enable it to either admit or deny the allegations of paragraph 60 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

61.    For its answer to the allegations of paragraph 61 of the complaint, said defendant adopts and realleges its answers to paragraphs 1-50, as if fully set forth herein.

62.    Said defendant denies the allegations of paragraph 62 of the complaint insofar as said allegations allege conduct on its part.  Said defendant is without information or knowledge sufficient to enable it to either admit or deny the allegations of paragraph 62 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

63.    Any allegation contained in the complaint not hereinabove specifically

admitted or denied is denied.

## FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted as to said defendant.

## SECOND DEFENSE

The "Chilton County Sheriff's Department" does not constitute a legal entity capable of being sued.

## THIRD DEFENSE

There is no maintainable basis for any state law vicarious liability claim in this action against Chilton County, Alabama. The Chilton County Sheriff and his deputies are state, and not county officers, under Alabama law. Probation officers are officers and employees of the State of Alabama Board of Pardons and Paroles, not Chilton County, Alabama. As a consequence, there can be no claim of *respondeat superior* liability asserted against Chilton County arising from the alleged acts or omissions of former Chilton County Sheriff Neely Strength, any current sheriff or deputy, or Probation Officer Chris Maturi.

## FOURTH DEFENSE

There is no basis for any state law claim in this action against Chilton County, Alabama for failing to train or supervise the Chilton County Sheriff, any deputy

12

sheriff or a state probation officer.    Under Alabama law, an Alabama county commission has no authority to direct or manage the sheriff or his employees, or state probation officers and, as a consequence, can have no liability for failure to train or supervise.

### FIFTH DEFENSE

There is no basis for any claim under 42 U.S.C. § 1983 in this action against Chilton County, Alabama.  The matters at issue arise out of the alleged actions of the Chilton County Sheriff or his deputies and a state probation officer.  Chilton County, Alabama has no authority under Alabama law to engage in law enforcement functions and has no duty or authority under the sex offender registration or notification statutes.  As a consequence, neither the Chilton County  Sheriff, his deputies, or a state probation officer can be said to have been engaged in implementation or execution of any policy, custom, or practice of Chilton County which could give rise to liability under 42 U.S.C. § 1983.

### SIXTH DEFENSE

Any claims alleged against Chilton County are barred by the expiration of the applicable two-year statute of limitations.

### SEVENTH DEFENSE

Plaintiff Headley has no maintainable basis for any state law tort claim in this

action against Chilton County, Alabama, because he failed to file an *ante litem* notice of claim with said defendant as required by §§ 6-5-20, 11-12-5, and 11-12-8, Code of Alabama (1975) within one year of the matters allegedly giving rise to his claims in this action.

## EIGHTH DEFENSE

Punitive damages may not be recovered against Chilton County on plaintiff's state law tort claims under § 6-11-26, Code of Alabama (1975).

## NINTH DEFENSE

Punitive damages may not be recovered against Chilton County on plaintiff's state law tort claims under City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

## TENTH DEFENSE

Any recovery on Plaintiff's state law tort claims in this action is subject to the $100,000.00 limitation contained in § 11-93-2, Code of Alabama (1975).

s/ George W. Royer, Jr.
George W. Royer, Jr.

14

LANIER FORD SHAVER & PAYNE, P.C.
200 West Side Square
Suite 5000
Huntsville, AL 35801
Phone: 256-535-1100
Fax: 256-533-9322
E-mail: gwr@lfsp.com

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing upon the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Roianne Houlton Conner
> 250 Winton Blount Loop
> Montgomery, AL 36117

on this 28th day of December, 2006.

s/ George W. Royer, Jr.
George W. Royer, Jr.

15