IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANNY RICKY HEADLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-1083-MEF |
| ) | |
| CHILTON COUNTY, ALABAMA, ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF CHRIS MATURI

Defendant Chris Maturi answers the complaint in this case as follows:

1.  Said defendant admits that this Court has jurisdiction of this action.

2.  Said defendant admits that venue is proper.

Second Paragraph Numbered 2. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of the second paragraph numbered 2 in the complaint; hence, such allegations are denied.

3.  Said defendant admits that plaintiff has asserted claims against a defendant designated as the "Chilton County Sheriff's Department" in this action but denies that said defendant constitutes a legal entity capable of being sued, and further denies that any agents, servants, or employees of said defendant committed any acts which give rise to a claim for relief in this action.

4.      Said defendant admits that he has been sued in his official and individual capacities.  Said defendant further denies that he has acted in any way which would give rise to a maintainable claim under 42 U.S.C. § 1983 on the part of the plaintiff in this action.

5.      Said defendant admits that plaintiff has sued defendant Neely Strength in his official and individual capacities in this action.  Said defendant is without knowledge or information sufficient to enable him to admit or deny the remaining allegations of paragraph 5 of the complaint; hence, such allegations are denied.

6.      Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 6 of the complaint; hence, such allegations are denied.

7.      Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 7 of the complaint; hence, such allegations are denied.

8.      Said defendant is without knowledge of the exact date Plaintiff made application for youthful offender, but is aware he was placed on probation due to an adjudication of being a youthful offender in or around 1997, admitted in part and denied in part.

9.      Said defendant admits Plaintiff was adjudicate a youthful

offender and placed on probation in or around 1997 and denies current knowledge of the specific dates.

10.   Said defendant admits Plaintiff was placed on probation in or around 1997 and denies current knowledge of specific dates.

11.   Said defendant admits being Plaintiff's probation officer.

12.   Said defendant is without current knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 12 of the complaint; hence, such allegations are denied.

13.   Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 13 of the complaint; hence, such allegations are denied.

14.   Said defendant admits instructing Plaintiff to provide a DNA sample and denies knowledge or information sufficient to enable him to either admit or deny the remaining allegations of paragraph.

15.   Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 15 of the complaint; hence, such allegations are denied.

16.   Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 16 of the complaint; hence, such allegations are denied.

17. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 17 of the complaint; hence, such allegations are denied.

18. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 18 of the complaint; hence, such allegations are denied.

19. Said defendant admits Plaintiff's probation was terminated by the Court and denies knowledge or information sufficient to enable him to either admit or deny the remaining allegations of paragraph 19 of the complaint; hence, such allegations are denied.

20. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 20 of the complaint; hence, such allegations are denied.

21. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 21 of the complaint; hence, such allegations are denied.

22. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 22 of the complaint; hence, such allegations are denied.

23. Said defendant is without knowledge or information sufficient

to enable him to either admit or deny the allegations of paragraph 23 of the complaint; hence, such allegations are denied.

24.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 24 of the complaint; hence, such allegations are denied.

25.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 25 of the complaint; hence, such allegations are denied.

26.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 26 of the complaint; hence, such allegations are denied.

27.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 27 of the complaint; hence, such allegations are denied.

28.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 28 of the complaint; hence, such allegations are denied.

29.     Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 29 of the complaint; hence, such allegations are denied.

30. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 30 of the complaint; hence, such allegations are denied.

31. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 31 of the complaint; hence, such allegations are denied.

32. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 32 of the complaint; hence, such allegations are denied.

33. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 33 of the complaint; hence, such allegations are denied.

34. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 34 of the complaint; hence, such allegations are denied.

35. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 35 of the complaint; hence, such allegations are denied.

36. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 36 of the

complaint; hence, such allegations are denied.

37. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 37 of the complaint; hence, such allegations are denied.

38. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 38 of the complaint; hence, such allegations are denied.

39. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 39 of the complaint; hence, such allegations are denied.

40. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 40 of the complaint; hence, such allegations are denied.

41. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 41 of the complaint; hence, such allegations are denied.

42. Said defendant denies the allegations of paragraph 42 of the complaint.

43. Said defendant denies the allegations of paragraph 43 of the complaint.

44. Said defendant denies the allegations of paragraph 44 of the complaint.

45. With regard to the allegations of paragraph 45 of the complaint, said defendant states that he has not committed any acts which would be in violation of plaintiff's constitutional right to be free from unlawful searches and seizures.

46. For his answer to the allegations of paragraph 46 of the complaint, said defendant adopts and realleges his answers to paragraphs 1-45, as if fully set forth herein.

47. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 47 of the complaint; hence, such allegations are denied.

48. Said defendant is without knowledge or information sufficient to enable him to either admit or deny the allegations of paragraph 48 of the complaint; hence, such allegations are denied.

49. For his answer to the allegations of paragraph 49 of the complaint, said defendant adopts and realleges his answers to paragraphs 1-48, as if fully set forth herein.

50. Said defendant denies the allegations of paragraph 50 of the complaint insofar as said allegations allege conduct on his part. Said

defendant is without information or knowledge sufficient to enable him to either admit or deny the allegations of paragraph 50 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

51.     Said defendant denies the allegations of paragraph 51 of the complaint insofar as said allegations allege conduct on his part.  Said defendant is without information or knowledge sufficient to enable him to either admit or deny the allegations of paragraph 51 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

52.     Said defendant denies the allegations of paragraph 52 of the complaint insofar as said allegations allege conduct on his part.  Said defendant is without information or knowledge sufficient to enable him to either admit or deny the allegations of paragraph 52 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

53.     Said defendant denies the allegations of paragraph 53 of the complaint insofar as said allegations allege conduct on his part.  Said defendant is without information or knowledge sufficient to enable him to either admit or deny the allegations of paragraph 53 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

54.     For his answer to the allegations of paragraph 54 of the complaint, said defendant adopts and realleges his answers to paragraphs 1-

53, as if fully set forth herein.

55. Said defendant denies the allegations of paragraph 55 of the complaint insofar as said allegations allege conduct on his part. Said defendant is without information or knowledge sufficient to enable him to either admit or deny the allegations of paragraph 55 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

56. For his answer to the allegations of paragraph 56 of the complaint, said defendant adopts and realleges his answers to paragraphs 1-55, as if fully set forth herein.

57. Said defendant denies the allegations of paragraph 57 of the complaint insofar as said allegations allege conduct on his part. Said defendant is without information or knowledge sufficient to enable him to either admit or deny the allegations of paragraph 57 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

58. Said defendant denies the allegations of paragraph 58 of the complaint insofar as said allegations allege conduct on his part. Said defendant is without information or knowledge sufficient to enable him to either admit or deny the allegations of paragraph 58 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

59. For his answer to the allegations of paragraph 59 of the

complaint, said defendant adopts and realleges his answers to paragraphs 1-58, as if fully set forth herein.

60.  Said defendant denies the allegations of paragraph 60 of the complaint insofar as said allegations allege conduct on his part.  Said defendant is without information or knowledge sufficient to enable him to either admit or deny the allegations of paragraph 60 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

61.  For his answer to the allegations of paragraph 61 of the complaint, said defendant adopts and re-alleges his answers to paragraphs 1-60, as if fully set forth herein.

62.  Said defendant denies the allegations of paragraph 62 of the complaint insofar as said allegations allege conduct on his part.  Said defendant is without information or knowledge sufficient to enable him to either admit or deny the allegations of paragraph 62 of the complaint, as the same pertain to other defendants; hence, such allegations are denied.

63.  Any allegation contained in the complaint not hereinabove specifically admitted or denied is denied.

## FIRST DEFENSE

The complaint fails to state a claim upon which relief may be granted as to said defendant.

## SECOND DEFENSE

Said defendant has State-agent immunity from the plaintiff's state law tort. Ex Parte Cranman, 792 So.2d 392, 405 (Ala.2000).

## THIRD DEFENSE

Plaintiff's official capacity claims alleged against said defendant under 42 U.S.C. § 1983 are barred by the Eleventh Amendment to the United States Constitution.

## FOURTH DEFENSE

Plaintiff's official capacity claims alleged against said defendant under 42 U.S.C. § 1983 do not constitute a claim against a "person" within the meaning of § 1983.

## FIFTH DEFENSE

Defendant Chris Maturi is entitled to qualified immunity from plaintiff's claims alleged against him in this action under 42 U.S.C. § 1983.

## SIXTH DEFENSE

The claims alleged against defendant Chris Maturi are barred by the expiration of the applicable two-year statute of limitations.

## SEVENTH DEFENSE

At all times from the time of plaintiff's alleged registration as a sex offender in September of 1998 until Plaintiff was terminated probation

supervision under Maturi, Plaintiff was subject to the provisions of the Community Notification Act and was required, as a youthful offender, to register as a sex offender under the provisions of Act 98-489, <u>Acts of Alabama</u>, 1998. Under Act 98-489, § 15-20-21(3) of the Community Notification Act was amended so as to provide that a "conviction" for which registration as a sex offender was required was defined as follows: "A determination of guilt as the result of a plea, trial, or adjudication as a youthful offender or a delinquent, regardless of whether adjudication is withheld."

## EIGHTH DEFENSE

Said defendant is entitled to qualified immunity from the plaintiff's § 1983 claims in this action.

## NINETH DEFENSE

Said defendant is not guilty of the things and matters alleged in the complaint in this case.

                                              s/STEVEN M. SIRMON
                                              ASSISTANT ATTORNEY GENERAL
                                              State Bar#: ASB-5949-S61S
                                              Ala. Bd. Pardons and Paroles
                                              P.O. Box 302405
                                              Montgomery, Alabama 36130
                                              Telephone: (334) 242-8700
                                              Fax: (334) 353-4423
                                              steven.sirmon@paroles.alabama.gov

CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing upon the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

George W. Royer, Jr.
200 West Side Square
Suite 5000
Huntsville, Alabama 35801

Roianne Holton Conner
250 Winton Blount Loop
Montgomery, Alabama 36117

Done this the 10th day of January 2007.

s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
steven.sirmon@paroles.alabama.gov